NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DRENA DOBRA and NEBOJSA DOBRA, her husband, | Civil Action No. 19-18453-CCC-AME |
| Plaintiffs, | OPINION & ORDER |
| v. | |
| SIX FLAGS GREAT ADVENTURE, LLC, et al., | |
| Defendants. | |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court upon the unopposed motion [D.E. 37] filed by Defendant Six Flags Great Adventure, LLC ("Six Flags") to compel non-party Peter H. Soloway, M.D. to comply with Six Flags' subpoena seeking the production of certain medical records and related documents. After review of Six Flags' moving papers, the Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, Six Flags' motion to compel is granted.

### I. BACKGROUND

This action was initiated in July 2019 in the Superior Court of New Jersey, Law Division, Hudson County, and removed to Federal Court in September 2019. The case concerns alleged injuries suffered by Plaintiff Drena Dobra at Six Flags. According to Six Flags' motion papers, Dr. Peter Soloway treated Ms. Dobra for her injuries. After unsuccessfully attempting to obtain copies of Ms. Dobra's medical records and other documents from Dr. Soloway through informal

requests, Six Flags served Dr. Soloway with a subpoena on February 4, 2022.[1] Six Flags has also provided Dr. Soloway with a fully executed HIPAA authorization. Dr. Soloway has not responded to the subpoena, and Six Flags filed the instant motion to compel on March 14, 2022.

## II.   DISCUSSION

Federal Rule of Civil Procedure 45 governs the issuance, service, and enforcement of subpoenas. Pursuant to the rule, a party may serve a subpoena on a third-party to obtain documents, testimony, and/or other information falling within the scope of permissible discovery under the federal rules. Fed. R. Civ. P. 45(c). Rule 26 sets broad parameters on discovery, providing that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(2).  A district court "has broad discretion regarding the enforcement of subpoenas." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012).

Here, the requested medical records and related documents are relevant to Plaintiffs' claims and Six Flags' defenses, and Dr. Soloway has not opposed the motion to compel. Thus, the Court finds good cause to grant Six Flags' motion to compel.

## III.   ORDER

Accordingly, IT IS on this 26th day of April 2022,

**ORDERED** that Six Flags' motion to compel [D.E. 37] is GRANTED; and it is further

---

[1] Although Six Flags' subpoena sought documents and testimony from Dr. Soloway [D.E. 37-9], Six Flags seeks only documents (and not testimony) in the instant motion.

**ORDERED** that Six Flags shall serve non-party Peter H. Soloway, M.D. with a copy of this Opinion & Order; and it is further

**ORDERED** that Peter H. Soloway, M.D. shall produce to counsel for Six Flags the records requested in Six Flags' subpoena within 14 days of being served with this Opinion & Order; and it is further

**ORDERED** that if Peter H. Soloway, M.D. fails to comply with this Order, the Court will consider a request for sanctions should Six Flags pursue such relief; and it is further

**ORDERED** that the Clerk shall mail a copy of this Order to Peter H. Soloway, M.D., 657 Broadway, Bayonne, NJ 07002.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA, U.S.M.J.